UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

JUN 12 2000

Michael N. Milby, Clerk of Court

UNITED STATES COURTS
SOUTHERN DISTRICT OF TEXAS
FILED

JUN 0 5 2000

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION Plaintiff, | § § § § CIVIL ACTION NO. H-99-2854 § |
| v. | § § § JURY TRIAL DEMANDED |
| RALSTON DRUG & DISCOUNT LIQUOR Defendant. | § § |

## CONSENT DECREE

Plaintiff, the United States Equal Employment Opportunity Commission ("Commission") and Defendant, Ralston Drug & Discount Liquor ("Defendant" or "Ralston"), agree to entry of this Consent Decree.

### I. Background and History of Proceedings

A. Charging Party, Tammy L. Brown filed a Charge of Discrimination with the Commission alleging that the Defendant violated Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq.* ("Title VII").

B. On September 8, 1999, after investigating the Charge and finding discrimination, the Commission commenced this action alleging that Defendant's conduct toward Tammy L. Brown ("Brown"), in terminating her employment, constituted discrimination on the basis of sex (pregnancy) in violation of

Section 703 (a) of Title VII.

C. Defendant has denied the allegations of discrimination on the basis of sex (pregnancy).

D. The parties wish to avoid the risks, uncertainties and expenses of continued litigation. Accordingly, the parties have agreed to settle this lawsuit. Neither Defendant's consent to the entry of this decree nor any of the terms set forth in it shall constitute or be construed as an admission of any Title VII violation. Both parties agree that this Consent Decree is being entered into for the sole purpose of compromising disputed claims without the necessity for protracted litigation.

E. The Commission and Defendant stipulate to the jurisdiction of the Court and the satisfaction of all administrative prerequisites. The parties further waive hearing and entry of findings of fact and conclusions of law on all issues.

IT IS ORDERED that:

1. This Consent Decree is entered in full and complete settlement of any and all claims arising out of or asserted in Civil Action No. H-99-2854 and the above-referenced Charge on behalf of Tammy L. Brown.

2. Defendant and all of its employees and/or agents associated

2

with it agrees that it will not engage in any employment practices which discriminate against any individual with respect to compensation, terms, conditions or privileges of employment because of such individual's sex (pregnancy) and will not retaliate against any individual who has opposed any practice made an unlawful employment practice under Title VII or who has made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under Title VII.

3. Defendant and all of its employees and/or agents associated with it agrees that it will not engage in any employment practice which discriminates against female employees because of their sex (pregnancy) in violation of Title VII.

4. Commencing immediately upon the entry of this Decree and for three years from the date of this Decree, Ralston Drug & Discount Liquor shall permit an EEOC representative to do an annual monitoring inspection on Defendant's premises at the EEOC's option. A monitoring inspection shall mean that the EEOC representative shall be permitted to speak with Ralston employees, in a group and/or individually, during the monitoring inspection and shall be permitted to contact any employee who is not present at work on the day the EEOC

3

representative conducts the monitoring inspection. If the monitoring is performed without notice to Ralston, it shall be performed by Nancy E. Murphy or another Trial Attorney designated by the Regional Attorney.

5.  Ralston Drug & Discount Liquor shall provide annually, for three years from the entry of this Decree, an independent, experienced training person or group who shall provide a program on employment discrimination, including the law relating to sex (pregnancy) discrimination, to all employees or other persons working at any and all Ralston Drug & Discount Liquor locations. The first such training shall be completed not later than August 1, 2000. Defendant shall submit to the EEOC at least thirty days in advance of the August 1, 2000 program the name of the program provider and a curriculum outline indicating the information to be addressed during the program and copies of all agendas and materials to be distributed at the training seminar. Defendant shall submit to the EEOC within thirty days following the program a list of attendees, including name, job title, and date of attendance. The person who shall administer the training will be either an attorney board certified in labor and employment law or possess at least

4

      five years of experience in labor and employment law. No additional notification to the EEOC for subsequent training will be required unless the person or group providing the programs changes or there is a substantial change in the materials provided. Written acknowledgment of receipt of the training shall be obtained by Defendant from all individuals attending the training and retained among the employment records of Defendant.

6.   Ralston Drug & Discount Liquor agrees that it will revise its equal employment opportunity policy not later than August 1, 2000. The revised new policy shall include a declaration that Federal law prohibits discrimination against any employee or applicant for employment because of the individual's sex (pregnancy), race, color, religion, national origin, age or disability with respect to compensation, hiring or other terms, conditions or privileges of employment. It will also identify by name, address and telephone number, the person to whom complaints about pregnancy discrimination shall be made. If the telephone number provided is not local then the policy should also state that the employee may call collect to make their complaint. The policy should also outline how the

5

complaints will be investigated, their confidential nature and provide assurances against retaliation for making a complaint. The policy will also provide that the complaining employee will be notified of the resolution of the complaint.

7. Not later than August 1, 2000, Ralston agrees that it will provide to all current employees or other persons working at any and all Ralston Drug & Discount Liquor locations, a copy of the revised equal employment opportunity policy outlined in the preceding paragraph and to new employees or to other workers during their first work week. Written acknowledgment of receipt of the policy shall be obtained by Defendant from all individuals receiving it and shall be retained among the employment records of Defendant. Defendant shall submit to the EEOC a list of all persons to whom it provided the revised equal employment opportunity policy, including the name, job title, and date received.

8. Defendant agrees that within ten days after entry of this Decree it will conspicuously post the attached notice (Exhibit "A") in an area accessible to all employees or other persons working at any and all Ralston Drug & Discount Liquor locations for a period of three years from the date

6

the decree is signed.

9. Defendant agrees that all employment decisions, including but not limited to hiring, promotion, leave, and discharge, involving pregnant employees and/or applicants for employment, must be made only after review and approval by Rick Zapp, President, or his successor or replacement.

10. Defendant agrees that it will provide positive job references for Tammy L. Brown. All requests for information regarding her by potential employers shall be directed to Rick Zapp, President, or his successor or replacement only. The references shall provide Tammy L. Brown's name, dates of employment and job title. All referrals for reference shall be made to Rick Zapp, President, or his successor or replacement.

11. Defendant agrees to pay the sum of FIFTEEN THOUSAND AND NO/100 DOLLARS ($15,000.00) in full and final settlement of the EEOC's lawsuit to provide monetary relief to Tammy L. Brown. Said sums shall be paid within thirty (30) days from the date the Consent Decree is executed by the Court. The EEOC shall notify Ralston, not later than June 15, 2000 of the address to which the check will be mailed. A copy of the check disbursed to Tammy L. Brown shall be mailed to the

7

EEOC's undersigned counsel of record.

12. Each party to this action shall bear their own costs and attorney's fees.

13. This Consent Decree shall be binding on Defendant and all of Defendant's successors-in-interest, and Defendant will notify all such successors-in-interest of the existence and terms of this Consent Decree.

14. This Decree shall remain in effect for three years from the date of signing. During the period that this Decree shall remain in effect, the Court shall retain jurisdiction to assure compliance with this Decree and to permit entry of such further orders or modifications as may be appropriate. The EEOC is specifically authorized to seek Court-ordered enforcement of this Decree in the event of a breach of any of the provisions herein. Defendant must provide notice to the EEOC in the event that it is sold regardless of whether the buyer is referred to as Defendant's successor.

15. Nothing in this Consent Decree shall be construed to preclude the Commission from filing a separate action under Title VII or any other statute which the Commission enforces in the future for any alleged violations by Defendant not resolved by this Decree.

8

16. Each signatory certifies that s/he is authorized to execute this document on behalf of the party or parties whom s/he represents.

Signed this  8th  day of  June , 2000 at Houston, Texas.

MELINDA HARMON
United State District Judge

9

AGREED AND CONSENTED TO:

ATTORNEY FOR DEFENDANT
RALSTON DRUG & DISCOUNT
LIQUOR

*[signature]*

Wes Hocker
6630 Cypresswood Dr.
Ste. 200
Spring, Texas 77379
Telephone: (281) 379-6901
Facsimile: (281) 379-6916

ATTORNEY FOR PLAINTIFF
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

*[signature]*

Nancy E. Murphy
Trial Attorney
1919 Smith, 7th Floor
Houston, Texas  77002
Telephone: (713) 209-3405
Facsimile: (713) 209-3402

10